[Cite as *State v. McCoppin*, 2016-Ohio-5440.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellant | : | C.A. CASE NO. 27020 |
| | : | |
| v. | : | T.C. NO. 15CR3312 |
| | : | |
| JASON McCOPPIN | : | (Criminal appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___19th___ day of _____August_____, 2016.

. . . . . . . . . .

MEAGAN WOODALL, Atty. Reg. No. 0093466, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellant

ANDREW C. SCHLUETER, Atty. Reg. No. 0086701, 5540 Far Hills Avenue, Suite 202, Dayton, Ohio 45429
        Attorney for Defendant-Appellee

. . . . . . . . . . . .

DONOVAN, P.J.

{¶ 1} This matter is before the Court on the February 19, 2016 Notice of Appeal of the State of Ohio. The State appeals from Jason McCoppin's judgment entry of conviction imposing community control sanctions following McCoppin's guilty plea to one count of failure to identify, in violation of R.C. 2950.05(A) and (F)(1).   McCoppin concedes error,

and we hereby vacate McCoppin's sentence and remand the matter for resentencing.

{¶ 2} McCoppin's December 11, 2015 indictment provides that he was convicted of gross sexual imposition on September 25, 2008, a felony of the fourth degree, and that he was previously convicted of failure to notify on May 25, 2011, also a felony of the fourth degree. McCoppin pled not guilty on December 15, 2015, and he entered his plea of guilty on December 31, 2015. The court sentenced him to community control sanctions not to exceed five years.

{¶ 3} The State's sole assignment of error is as follows:

THE TRIAL COURT ERRED IN IMPOSING A SENTENCE THAT IS CONTRARY TO LAW.

{¶ 4} McCoppin "requests that this Court reverse the trial court's termination entry and remand for resentencing."

{¶ 5} R.C. 2953.08(G)(2)(b) provides:

* * *

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

* * *

(b) That the sentence is otherwise contrary to law.

{¶ 6} R.C. 2950.99(A)(1)(b) provides the penalties for a violation of R.C. 2950.05

in relevant part as follows:

* * *

(iii) If the most serious sexually oriented offense or child-victim oriented offense that was the basis of the registration, notice of intent to reside, change of address notification, or address verification requirement that was violated under the prohibition is a felony of the fourth or fifth degree if committed by an adult or a comparable category of offense committed in another jurisdiction, the offender is guilty of a felony of the third degree.

{¶ 7} R.C. 2950.99(A)(2)(b) provides:

In addition to any penalty or sanction imposed under division (A)(1)(b)(i), (ii), or (iii) of this section or any other provision of law for a violation of a prohibition in section 2950.04, 2950.041, 2950.05, or 2950.06 of the Revised Code, if the offender previously has been convicted of or pleaded guilty to, or previously has been adjudicated a delinquent child for committing, a violation of a prohibition in section 2950.04, 2950.041, 2950.05, or 2950.06 of the Revised Code when the most serious sexually oriented offense or child-victim oriented offense that was the basis of the requirement that was violated under the prohibition is a felony if committed by an adult or a comparable category of offense committed in another jurisdiction, the court imposing a sentence upon the offender *shall impose a definite prison term of no less than three years*. The definite prison term imposed under this section, subject to divisions (C) to (I) of section 2967.19 of the Revised Code, shall not be reduced to less than three years pursuant

to any provision of Chapter 2967. or any other provision of the Revised Code.  (Emphasis added.)

{¶ 8}  We agree with the parties that the trial court erred when it failed to impose a prison term as required by R.C. 2950.99(A)(2)(b).[1] Since the imposition of community control sanctions is contrary to law, those sanctions are vacated and the matter is remanded to the trial court for resentencing.[2]

. . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

Meagan Woodall
Andrew C. Schlueter
Hon. Dennis J. Langer

---

[1] We note that McCoppin's Presentence Investigation Report erroneously suggests eligibility for community control sanctions and erroneously notes there is no mandatory prison term.

[2] We note that McCoppin's plea form indicates that he is eligible for community control sanctions for a period of up to five years. This misinformation is sufficient to render his plea invalid. Upon remand, McCoppin's plea would be subject to vacating at his election.